UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OAKWOOD LABORATORIES, LLC., <br><br> *Plaintiff,* <br><br> v. <br><br> DR. BAGAVATHIKANUN THANOO, et al, <br><br> *Defendants.* | Civil Action No.: 17-cv-05090(PGS) <br><br> MEMORANDUM AND ORDER |

**SHERIDAN, U.S.D.J.**

This matter comes before this Court on Defendant's motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 58). This Court has previously dismissed Plaintiff's complaint twice without prejudice. This Court's prior opinions have discussed the underlying facts and procedural history in detail, and will be adopted here. (*See* ECF Nos. 34, 46).

I

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Third Circuit set forth a

three-part analysis for determining whether not a complaint may survive a motion to dismiss for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "This means that [the] inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied*, 531 U.S. 1149 (2001).

"The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

II

Defendants argue that the Second Amended Complaint has not offered any new factual allegations that Defendants used or misappropriated Oakwood's trade secrets, what the purposed trade secrets were, or how the defendants allegedly used them. In response, Plaintiff argues that it has sufficiently identified its trade secrets, and has sufficiently plead defendants' misappropriation and use of Oakwood's trade secrets.

To state a claim for misappropriation of a trade secret, a party must show: "(1) the existence of a trade secret; (2) communicated in confidence by the plaintiff to the employee; (3) disclosed by the employee in breach of that confidence; (4) acquired by the competitor with knowledge of the breach of confidence, and (5) used by the competitor to the detriment of the plaintiff." *Merckle GmbH v. Johnson & Johnson*, 961 F.Supp. 721, 730 (D.N.J. 1997). The party who asserts the trade secret bears the burden of proving that the information is a secret and not a matter of general knowledge in the industry. *Rohm & Haas Co. v. Adco Chem. Co.*, 689 F.2d 424, 431 (3d Cir. 1982).

Plaintiff claims that the Second Amended Complaint sets forth that after Aurobindo hired Thanoo, Aurobindo obtained Oakwood's trade secrets from Thanoo and the Leuprolide memo to develop a product that is substantially similar and competitive with Oakwood's Leuprolide Products. (Pl. br. at 19). However, Plaintiff's complaint does not meet the plausibility test. At

best, the second amended complaint has alleged that Thanoo left Plaintiff's employ, and two years later, Aurobindo announced it would be developing a Leuprolide product. The complaint does not allege (1) which trade secrets were misappropriated to develop a product, (2) it does not describe the product development, and (3) it does not allege that Plaintiff's research is the only source for such research.

Plaintiff, in its second amended complaint, lists a number of trade secrets that it alleges could have been misappropriated by Thanoo to develop its Microsphere project, (See Second Am. Compl., ECF No. 51, at ¶ 29); but, Plaintiff has failed to identify which one or more of these trade secrets defendants have misappropriated. Simply listing trade secrets of which Thanoo had knowledge does not show that Thanoo disclosed them to Aurobindo, or Aurobindo acquired the trade secrets with knowledge of its confidence. Additionally, Plaintiffs have broadly alleged that Defendants have developed a similar and competitive product based on the misappropriation of its trade secrets. However, as best this Court can tell, there is no product that has been developed by defendants. In fact, all defendants have stated is, during an investor call, that Aurobindo was developing "four peptide-based microsphere products." (*Id.* at ¶ 55). Here, the complaint does not allege that the products have been developed through the use of Oakwood's trade secrets; and Oakwood has not shown that it has been detrimentally affected to date, i.e. no such products have been launched. Accordingly, Plaintiff's second amended complaint has done little to resolve the issue of plausibility.

Regarding Plaintiff's breach of contract and tortious interference with contractual relationship claims, to state a claim for breach of contract, Plaintiff must show: (1) the parties entered into a valid contract; (2) the defendant failed to perform its contractual obligation; and as a result (3) the plaintiff sustained damages. *See Sheet Metal Workers Int. Ass'n Local Union No.*

4

*27, AFL ClO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013). To state a claim for tortious interference with contractual relationship, a plaintiff must show: (1) an existing contractual relationship; (2) intentional and malicious interference with that relationship; (3) loss or breach of a contract as a result of the interference; and (4) damages resulting from that interference. *Printing Mart-Morristown v. Sharp Elec. Corp.*, 563 A.2d 31, 37-38 (N.J. Supr. 1989).

Plaintiff's Second Amended Complaint does not remedy the issues previously noted in a prior decision. That is, it could not discern any breach of contract or tortious interference because, "it is unclear exactly what Plaintiff is alleging was misappropriated. Consequently, it is unclear whether a contract was breached or interfered with." (ECF No. 41). Here, Plaintiff has identified trade secrets, but does not show if and how Defendants used these trade secrets. Accordingly, the same defects that resulted in the dismissal of Plaintiff's first amended complaint warrant the dismissal of plaintiff's second amended complaint.

### III

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is GRANTED.

The Court grants Plaintiff thirty days to amend the Complaint.

## ORDER

This matter, having been brought before the Court on Defendants' motion to dismiss [ECF No. 58], and the Court having considered the briefs and submissions of the parties, and having heard oral argument;

IT IS on this 31st day of January, 2019;

**ORDERED** that Defendant's motion to dismiss (ECF No. 58) is GRANTED; and it is further

**ORDERED** that Plaintiff may file an amended complaint within 30 days.

　　　　　　　　　　　　　　　　　　　　　　　／s／ Peter G. Sheridan
　　　　　　　　　　　　　　　　　　　　　　　PETER G. SHERIDAN, U.S.D.J.