UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OAKWOOD LABS., LLC,<br><br>     *Plaintiff*,<br><br>v.<br><br>THANOO, et al.,<br><br>     *Defendants*. | Civil Action No.:<br>3:17-cv-05090-PGS-LHG<br><br>**MEMORANDUM OPINION AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. (ECF No. 71). This Court has previously dismissed iterations of Plaintiff's complaint three times without prejudice. (*See* ECF Nos. 34, 46, 67).

This Court has provided Plaintiff with several opportunities to amend its Complaint to allege more facts regarding Defendants' alleged misappropriation and use of Plaintiff's trade secrets, but, yet again, Plaintiff has failed to state a claim. For the reasons stated herein, Defendant's Motion to Dismiss is granted and Plaintiff's Third Amended Complaint is dismissed without prejudice.

I

This Court's prior opinions have discussed the underlying facts and procedural history in detail and will be adopted here. (*See* ECF Nos. 34, 46, 67). In addition, because many of the facts in Plaintiff's First and Second Amended Complaints mirror those of its Third Amended Complaint, this Court will only discuss the new facts that Plaintiff asserts in its Third Amended Complaint.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Third Circuit has set forth a three-part analysis for determining whether a complaint may survive a motion to dismiss for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

"This means that [the] inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him

or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied*, 531 U.S. 1149 (2001).

Furthermore, "[t]he pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, …. Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), …." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

II

In this case, Defendants argue that the Third Amended Complaint has not offered any new factual allegations which would demonstrate that they allegedly used or misappropriated Oakwood's trade secrets and what the purported trade secrets were. (Defs.' Br. in Support of Mot. to Dismiss, 8, ECF No. 71-1). Defendants also argue that Plaintiff has failed to specify what detriment it has allegedly suffered. (*Id.*). In response, Plaintiff argues that it has sufficiently identified its trade secrets and has sufficiently plead Defendants' misappropriation and use of Oakwood's trade secrets. (*See* Pl.'s Opp'n Br., 20-31, ECF No. 74).

Although Plaintiff's Third Complaint is more compelling than its previous ones, this Court nonetheless finds that Plaintiff has not sufficiently alleged new factual allegations to support its

3

claims of misappropriation of trade secrets, breach of contract, and tortious interference with a contract. Accordingly, Defendant's motion to dismiss is granted.

Counts I and II – Misappropriation of Trade Secrets

Defendants argued in their brief and at oral argument that Oakwood has changed its identification, once again, of the active pharmaceutical ingredient ("API") that allegedly uses or embodies Oakwood's purported trade secrets. (Defs.' Br. 2). Defendants alleged that Oakwood first identified leuprolide as the API at issue, then octreotide, next risperidone, and now states that "possibly other products" have been and are being developed at Aurobindo as a result of misappropriation. (*Id.*; Third Am. Compl. ¶ 61, ECF No. 70).

Plaintiff counters that its Third Amended Complaint has identified which trade secrets were misappropriated. (Pl.'s Opp'n at 24). Specifically, Plaintiff avers that "Defendants are developing or have developed a product substantially similar to and competitive with Oakwood's Microsphere Project using Oakwood's trade secret information, including trade secret information related to the Microsphere Project, which Defendants misappropriated from Oakwood." (*Id.*; Third Am. Compl. ¶ 82). Oakwood further alleges that Defendants could not have developed this product without Dr. Thanoo's knowledge of Oakwood's trade secrets and that Dr. Thanoo communicated this information to Defendants to the economic detriment of Plaintiff. (*See* Pl.'s Opp'n at 24-27). At oral argument, Plaintiff's counsel emphasized that discovery was necessary to determine which precise trade secrets were misappropriated.

The Defend Trade Secrets Act (DTSA) provides that "[a]n owner of a trade secret that is misappropriated may bring a civil action . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The statute defines misappropriation as requiring the "acquisition of a trade secret of another by a

4

person who knows or has reason to know that the trade secret was acquired by improper means," or the "disclosure" or "use of a trade secret that was acquired by improper means. §1839(5)(A) and (B).

To state a claim for misappropriation of a trade secret under the New Jersey Trade Secrets Act (NJTSA), a plaintiff must show the following: "(1) the existence of a trade secret, (2) communicated in confidence by the plaintiff to the employee, (3) disclosed by the employee in breach of that confidence, (4) acquired by the competitor with knowledge of the breach of confidence, and (5) used by the competitor to the detriment of the plaintiff." *Givaudan Fragrances Corp. v. Krivda*, Civil Action No. 08-4409 (PGS), 2013 U.S. Dist. LEXIS 153437, at *10 (D.N.J. Oct. 25, 2013) (quoting *Rohm and Haas Co. v. Adco Chemical, Co.*, 689 F.2d 424, 429 (3d Cir. 1982)). The plaintiff asserting the existence of the trade secret bears the burden of proving that the information is a secret and not a matter of general knowledge in the industry. *Rohm*, 689 F.2d at 431.

Both the DTSA and the NJTSA require a plaintiff "to demonstrate (1) the existence of a trade secret, defined broadly as information with independent economic value that the owner has taken reasonable measures to keep secret, and (2) misappropriation of that secret, defined as the knowing improper acquisition and use or disclosure of the secret." *Par Pharm., Inc. v. QuVa Pharma, Inc.*, 764 F. App'x 273, 278 (3d Cir. 2019).

Here, in this Court's most recent opinion, it indicated that "Plaintiff has identified trade secrets, but does not show if and how Defendants used these trade secrets." *Oakwood Labs., LLC*, 2019 U.S. Dist. LEXIS 15473, at *7. The same holds true, once again. The Microsphere Project appears to be the trade secret that Aurobindo has allegedly misappropriated.

5

Unlike its other three complaints, Plaintiff now includes in its Third Amended Complaint minutes from Aurobindo investor calls, an investor presentation, an Aurobindo annual report, Dr. Thanoo's LinkedIn profile page, and an Aurobindo job listing. (*See* Third Am. Compl. ¶¶ 61-83). These new documents, though far more detailed than the facts Plaintiff previously alleged, do not explain adequately whether Defendants acquired and misappropriated any of the trade secrets with knowledge of their confidentiality, if and how Defendants have used those trade secrets, or the resulting harm that Oakwood has purportedly suffered.

For example, Plaintiff includes meeting minutes from investors calls that took place throughout 2015 and early-to-mid 2016. (*See* Third Am. Compl. ¶¶ 64-72). Although detailed, the content of these calls merely illustrates that Aurobindo was developing a microsphere product and contemplates Oakwood's market position in the area of microsphere technology. These calls, however, fail to demonstrate with adequate specificity how Aurobindo acquired or misappropriated the microsphere technology information from Oakwood, and the participants in the calls do not mention or suggest Dr. Thanoo's involvement in the development of Aurobindo's new products. In addition, these investor calls fail to reveal that Oakwood's trade secrets could have been the only source by which Aurobindo could have developed its microsphere product.

Plaintiff has also added both a screenshot of Dr. Thanoo's LinkedIn profile page, which indicates that he works on microspheres, as well as a screenshot of a job posting by Defendants "actively soliciting scientists to work under Dr. Thanoo on 'sustained release injectable formulations.'" (Third Am. Compl. ¶¶ 62, 78). Yet, these items do not show that the Microsphere Project *was* replicated, that is, that the microsphere technology Aurobindo has been working on has been developed using Oakwood's trade secrets.

Further, Aurobindo's 2016-2017 Annual Report and May 2017 investor presentation simply state that Aurobindo "has forayed" into "specialty injection products." (*Id.* at ¶¶ 74, 76). Yet, these statements do not allege how and from where Aurobindo received this information.

Moreover, regarding any alleged harm that Oakwood has suffered, Oakwood alleges that its ability to partner with other companies and raise financing is detrimentally affected "because potential partners or investors will now view Oakwood's competitive advantage to be significantly lower." (*Id.* at ¶ 88). Yet, Oakwood fails to provide any facts alleging that it has been detrimentally affected, to date. Interestingly, Defendants have not launched any products, and, according to the Third Amended Complaint, Oakwood has not yet suffered any harm from missed partnerships or investment opportunities. Thus, any alleged harm is speculative.

Even had Oakwood sufficiently alleged a detriment, the critical missing component is any allegation of precisely how Defendants misappropriated Plaintiff's trade secrets. A potential change in perception of competitive advantage is merely the natural result of any new product development announcement by an industry competitor; therefore, it does not follow that this change is the result of trade secret misappropriation. Accordingly, Plaintiff's Third Amended Complaint has done little to resolve the issue of plausibility as to its claim that Defendants misappropriated its trade secrets.

<u>Counts III-VI – Breach of Contract and Tortious Interference with Contractual Relationship</u>

Regarding Plaintiff's breach of contract and tortious interference with contractual relationship claims, to state a claim for breach of contract, a plaintiff must show: (1) the parties entered into a valid contract; (2) the defendant failed to perform its contractual obligation; and as a result (3) the plaintiff sustained damages. *See Sheet Metal Workers mt. Ass 'n Local Union No.*

7

*27, AFL dv. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013). To state a claim for tortious interference with a contractual relationship, a plaintiff must show: (1) an existing contractual relationship; (2) intentional and malicious interference with that relationship; (3) loss or breach of a contract resulting from the interference; and (4) damages resulting from that interference. *Printing Mart-Morristown v. Sharp Elec. Corp.*, 563 A.2d 31, 37-38 (N.J. 1989).

Plaintiff's Third Amended Complaint does not remedy the issues previously noted in its prior decisions. That is, this Court cannot discern any breach of contract or tortious interference because, "it is unclear exactly what Plaintiff is alleging was misappropriated. Consequently, it is unclear whether a contract was breached or interfered with." ECF No. 67, 5 (quoting ECF No. 41). Here, Plaintiff has identified trade secrets, but does not show if and how Defendants used these trade secrets. Therefore, the same defects that resulted in the dismissal of Plaintiff's Second Amended Complaint now warrant the dismissal of Plaintiff's Third Amended Complaint.

III

Like Plaintiff's other complaints, Plaintiff's Third Amended Complaint fails to allege facts sufficient to survive Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, Defendant's Motion to Dismiss is granted. It is a futile endeavor to allow Plaintiff to amend its Complaint in light of its previous failed attempts; however, the Third Amended Complaint is dismissed without prejudice in the event that new evidence of misappropriation arises in the future. An Order consistent with this Memorandum Opinion will be entered.

## ORDER

This matter, having come before the Court on Defendants' Motion to Dismiss (ECF No. 71), and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this __23__ day of October, 2019,

**ORDERED** that Defendants' Motion to Dismiss (ECF No. 71) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Third Amended Complaint (ECF No. 70) is **DISMISSED WITHOUT PREJUDICE**.

PETER G. SHERIDAN, U.S.D.J.