fUNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OAKWOOD LABORATORIES, LLC, | Civil Action No. 17-5090 (PGS)(LHG) |
| Plaintiff, | |
| v. | ORDER |
| DR. BAGAVATHIKANUN THANOO, AUROMEDICS PHARMA LLC, AUROBINDO PHARMA U.S.A., INC., and AUROBINDO PHARMA LTD., | |
| Defendants. | |

This matter comes before the Court upon review of the docket and after a June 14, 2022 telephone conference held before the Honorable Lois H. Goodman, U.S.M.J. Federal Rule of Civil Procedure 53 ("Rule 53") provides that the Court may appoint a special master under certain conditions and to address certain issues. Rule 53(b) further mandates that the Court "give the parties notice and an opportunity to be heard." Fed. R. Civ. P. 53(b)(1).

The Court makes the following findings:

1. The parties have vigorously litigated this case to date, comprehensively briefing dispositive issues before this Court and the Third Circuit. *See* [Docket Entry Nos. 22, 24, 26, 37, 40, 44, 58, 63, 64, 71, 74, 75, 86].

2. Rule 53 provides that the Court may appoint a special master to "perform duties consented to by the parties," OR "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1).

3. "The appointment of a special master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual and/or legal issues . . . ." *Luppino v. Mercedes Benz USA, LLC*, No. 2:09-cv-05582, 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013). Nevertheless, "Courts in this Circuit have appointed special masters to oversee and facilitate complicated and contentious discovery." *Id.*

4. This action is a complex case, which involves whether confidential information was taken and/or used. Additionally, the underlying information relates the development of pharmaceutical patents and patent applications.

5. In early March 2022, the parties submitted comprehensive letters to Judge Goodman, each over twenty pages in length and each describing a variety of complicated discovery issues. For example, the parties have disputes regarding appropriate search terms and search methodology; the selection of custodians and the appropriate breadth of any search into their records; and objections to the production of documents and responses to interrogatories.

6. On May 25, 2022, the parties mediated before the Honorable Mark Falk, U.S.M.J. (ret.), who became familiar with the parties' claims and defenses, as well as with the outstanding discovery issues. [Docket Entry No. 118].

7. Judge Goodman's recent telephonic conference with the parties and their discovery submissions to the Court make clear that this matter will require intensive case management involving the resolution of numerous discovery and other disputes. Indeed, during the recent telephone conference, the parties summarized further discovery issues beyond those outlined in their March 2022 letters.

Accordingly, the Court finds that it may be appropriate to appoint a special master in this action pursuant to Rule 53. For the foregoing reasons, and other good cause shown,

**IT IS** on this 15 day of **June 2022, ORDERED** that by no later than **June 24, 2022**, each party shall e-file letters, no longer than four pages, addressing the following items:

1. The party's consent or opposition to the appointment of a special master.

2. The party's consent or opposition to the appointment of Judge Falk as special master specifically.

3. The party's position on the items identified in Rule 53(b)(2).

4. To the extent the party wishes to propose a candidate for special master other than Judge Falk, it is to submit no fewer than three candidates.

5. The party's position on any other issues that the party would like the Court to consider in relation to the appointment of a special master.

2

SO ORDERED: /s/ Peter M Sheridan
DATED: 6/15/22