

Kevin M. Capuzzi
Continental Plaza II
411 Hackensack Avenue, 3rd Floor
Hackensack, New Jersey 07601-6323
Direct Dial: 302.442.7063
Fax: 302.442.7012
kcapuzzi@beneschlaw.com

June 24, 2022

*VIA CM/ECF*

Hon. Peter G. Sheridan, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

>  Re:  *Oakwood Laboratories, LLC v. Dr. Bagavathikanun Thanoo, et al.*
>  Case No. 3:17-cv-05090-PGS-LHG
>  **Appointment of the Honorable Mark Falk (Ret.) as Discovery Master**

Dear Judge Sheridan:

I write on behalf of Plaintiff Oakwood Laboratories, LLC ("Plaintiff" or "Oakwood") in response to the Order entered by the Court on June 15, 2022 (the "Order") [D.I. 136] requiring the parties' input on the appointment of a special master to oversee the complicated discovery issues in this matter. Oakwood's positions on the respective points are set forth below:

**1. The party's consent or opposition to the appointment of a special master.**

Oakwood consents to the appointment of a special master in this matter.

**2. The party's consent or opposition to the appointment of Judge Falk as special master specifically.**

Oakwood consents to and welcomes the appointment of Judge Falk as special master in this matter in light of both his familiarity with this matter specifically and his expertise in resolving discovery-related disputes generally.

**3. The party's position on the items identified in Rule 53(b)(2) of the Federal Rules of Civil Procedure (the "Rules").**

   (a)   *The master's duties, including any investigation or enforcement duties and any limits on the master's authority under Rule 53(c)*

Oakwood suggests that the special master be vested with the authority to oversee the schedule for the completion of fact and expert discovery and to adjudicate all discovery disputes and motions related thereto pursuant to procedures and practices that the special

master establishes, which may be modified as necessary.  Oakwood further suggests that, as to these discovery-related responsibilities, the special master's authority be coextensive with that of a United States Magistrate Judge.  Oakwood suggests that the special master be further vested with the authority to impose non-contempt sanctions provided by Rules 37 and 43 (including his or her own fees and expenses) and that the special master be permitted to recommend a contempt sanction.  Oakwood does not believe that there should be any limits to the special master's authority as set forth in Rule 53(c).

(b)     *The circumstances, if any, in which the master may communicate ex parte with the court or a party*

Oakwood suggests that the special master be permitted to consult with the Court as needed, including on an *ex parte* basis (except where one of the special master's decisions is on appeal to the Court).  Oakwood further suggests that the special master be permitted to communicate *ex parte* with a party related to any non-argumentative matter.

(c)     *The nature of the materials to be preserved and filed as a record of the master's activities*

Oakwood suggests that the special master not be required to preserve and/or file any record of the special master's activities beyond the filing of any order or other decision or recommendation determining the outcome of a discovery dispute or setting the schedule of fact and expert discovery.

(d)     *The time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings and recommendations*

Oakwood suggests that the special master be permitted to inform the parties of the methods by which they are to submit any disputes.  Oakwood further suggests that the special master be permitted to adopt or utilize informal procedures to resolve disputes, including, at his/her discretion, in-person, telephone, or video conferences, requiring the parties to meet and confer, and directing the parties to submit and/or exchange letters in lieu of briefs.  Oakwood further suggests that the special master, in his/her discretion, be permitted to record any of the proceedings by a court reporter or other means.

Oakwood suggests that no time limit be imposed upon the appointment of the special master and that the special master's appointment instead expire upon the completion of fact and expert discovery in this matter.  Oakwood further suggests that the parties be permitted to determine whether to re-engage the special master upon the expiration of his/her appointment based upon future developments in this matter.

Oakwood suggests that the following framework relative to timing should apply:  Upon submission of a dispute to the special master in the manner determined by the special master, the opposing party(ies) shall have five (5) days within which to submit its (their) position on the issues raised therein.  Within five (5) days of receipt of such opposing party's submission, the special master shall either (i) set a hearing to discuss the dispute(s) raised or (ii) issue a decision on the dispute(s) raised.  Should the special master hold a hearing on the dispute(s) raised, the special master shall issue a decision on the dispute(s)

raised within five (5) days of such hearing. Oakwood suggests that the parties be permitted to request extensions on the imposed deadlines for good cause shown. Oakwood further suggests that the special master be permitted to extend the imposed deadlines where necessary, in his/her discretion, for the special master to discharge his/her responsibilities. Oakwood suggests that, if a party objects to a decision made by the special master, such party be required to file such objections on the docket and that the United States Magistrate Judge be responsible for adjudicating such objections. Oakwood suggests that, in such an instance, the objecting party(ies) and the party(ies) adverse thereto be permitted additional, supplemental briefing on the same timeframe outlined above, with the parties able to seek an extension on the imposed deadlines for good cause shown.

Oakwood suggests that, consistent with Rule53(f)(3), a *de novo* standard of review be applied to all factual findings made by the special master and an abuse of discretion standard of review be applied to all procedural determinations made by the special master.

(e)     *The basis, terms and procedure for fixing the master's compensation under rule 53(g)*

Oakwood suggests that the special master be permitted to charge his/her customary fees upon his/her customary terms. Such charges shall be allocated as follows: (i) Oakwood – 50%; (ii) AuroMedics Pharma, LLC, Aurobindo Pharma U.S.A., Inc., Aurobindo Pharma, Ltd., and Dr. Thanoo – 50%. Oakwood further suggests that the special master be permitted, upon notice to the parties, to adjust this allocation as he/she believes is appropriate based upon the special master's determination that any party(ies) is (are) more or less responsible for the need for the special master's time and attention spent on this matter consistent with Rule 53(g)(3). Oakwood suggests that any such procedural finding shall be subject to an abuse of discretion standard of review.

**4.     Other candidates for special master.**

Oakwood does not wish to submit any candidates to serve as special master in this matter in addition to Judge Falk.

**5.     The party's position on any other issues that the party would like the Court to consider in relation to the appointment of a special master.**

Oakwood suggests that the special master be appointed to oversee all further efforts to resolve this matter due to the efficiencies that will be realized by the parties having the assistance of an individual with detailed knowledge of the factual issues at play.

I am at the Court's disposal to address this matter further.

                    Respectfully submitted,

                    BENESCH, FRIEDLANDER,
                      COPLAN & ARONOFF LLP

                    *s/ Kevin M. Capuzzi*

                    Kevin M. Capuzzi (NJ 173442015)

KMC:kh

cc:    The Honorable Lois H. Goodman, U.S.M.J. (via e-mail)
       The Honorable Mark Falk (Ret.) (via CM/ECF)
       All counsel of record (via CM/ECF)