# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OAKWOOD LABORATORIES, LLC,** | Civil Action No. 17-5090 (PGS)(LHG) |
| Plaintiff, | |
| v. | |
| **DR. BAGAVATHIKANUN THANOO, AUROMEDICS PHARMA LLC, AUROBINDO PHARMA U.S.A., INC., and AUROBINDO PHARMA LTD.,** | **ORDER APPOINTING SPECIAL MASTER** |
| Defendants. | |

**THIS MATTER** comes before the Court upon its review of letters submitted by the parties [Docket Entry Nos. 137, 139] in response to the Court's request for correspondence regarding the appointment of the Honorable Mark Falk, U.S.M.J. (ret.), of Walsh Pizzi O'Reilly Falanga LLP as special master in this case [Docket Entry No. 136]. The parties' correspondence indicated that they consent to the appointment of Judge Falk as special master. *Id.* Furthermore, Judge Falk submitted a declaration and confirmed that he does not have any conflict which would disqualify him from serving as special master. [Docket Entry No. 142].

The Court has carefully considered the parties' positions and finds as follows:

1.  Pursuant to Rule 53(a)(1)(A), the parties have consented to a special master for discovery purposes, and pursuant to Rule 53(a)(1)(C), a special master is necessary to "address pretrial . . . matters that cannot be effectively and timely addressed by" the Court.

2.  Judge Mark Falk, U.S.M.J. (ret.), is well-qualified for appointment as special master because he served the District of New Jersey as a Magistrate Judge for 20 years, including as the District's first Chief Magistrate Judge.

3.    In accordance with Rule 53(b)(3), Judge Falk submitted an affidavit to the Court attesting that pursuant to 28 U.S.C. § 455, no grounds for disqualification exist. [Docket Entry No. 142].

4.    Based on Judge Falk's affidavit, the Court is satisfied that there are no grounds to disqualify Judge Falk under 28 U.S.C. § 455.

For the foregoing reasons, and other good cause shown,

**IT IS**, on this ___19___ day of **July 2022**, **ORDERED** as follows:

1.    Judge Mark Falk, U.S.M.J. (ret.), is hereby appointed as a Special Master in the action listed above.

2.    The Special Master is appointed to complete the following tasks:

    a.    address and resolve all pending and future discovery disputes and non-dispositive motions;

    b.    address and resolve all pending and future motions pursuant to Rules 12, 15, 50, 56, and all other pre-trial motions; and

    c.    when appropriate, facilitate settlement discussions among the parties.

3.    The Special master shall proceed with all reasonable diligence in completing the tasks assigned by this Order.

(PGS) 4.    By ~~July~~ *aug. 8* , 2022, the parties shall submit joint correspondence to the Special Master identifying any pending disputes and issues and the priority of each.

(PGS) 5.    By ~~July~~ *aug 8* , **2022**, the Special Master shall inform the parties of his, and if applicable, his Associates' rates.

6.    The Special Master shall decide all discovery disputes and non-dispositive issues and issue appropriate written orders regarding the same. Pursuant to Rule 53(f)(1), (2), the parties may object to, move to adopt, or move to modify an order pursuant to this paragraph within 21 days of the day the order is entered on CM/ECF. Any party opposing the objection or motion shall file a responsive brief within 14 days of the day the objection or motion is filed. The moving party may file a reply to any opposition within seven days of the day the opposition was filed. The Undersigned shall resolve any objections or motions pursuant to this paragraph. Appeals of an order issued by the Special Master pursuant to this paragraph shall be reviewed for abuse of discretion. Notwithstanding any timely objections,

motions to adopt, motions to modify, motions to stay, or motions for injunctive relief, the Special Master's orders issued pursuant to this paragraph are enforceable upon issuance. Enforcement of the Special Master's orders pursuant to this paragraph are not stayed unless so ordered by the Special Master, Judge Goodman, or the Undersigned.

7.   The Special Master shall issue proposed findings of fact and reports and recommendations (collectively, "R&R") on all dispositive issues. Pursuant to Rule 53(f)(l), (2), a party or non-party may object to, move to adopt, or move to modify a R&R within 21 days of the day the R&R is entered on CM/ECF. The Undersigned shall perform a *de novo* review of those portions to which a specific objection is made and may accept, reject, or modify, in whole or in part, the findings of fact and/or the R&R.

8.   All substantive hearings before the Special Master shall be stenographically recorded by a court reporter, subject to the Special Master's preferences and the agreement of the parties. The court reporter shall provide the Special Master a copy of the transcript. The Special Master shall preserve the transcript and provide it to the Court upon the Court's request. Expenses related to the court reporter shall be considered expenses of the Special Master and reimbursed according to paragraph 16 below.

9.   The Special Master may employ up to two Associates to assist in completion of the tasks assigned by this Order. Any Associates employed pursuant to this paragraph do not exercise the powers of the Special master. Prior to beginning work on this matter, any Associate employed pursuant to this paragraph must submit a Declaration attesting that no grounds exist for disqualification pursuant to 28 U.S.C. § 455. Any Associate employed pursuant to this paragraph must be a member of the New Jersey Bar in good standing.

10.  The parties shall provide the Special Master with the operative Discovery Confidentiality Order. [Docket Entry No. 113]. The Special Master may consent to be bound by the same, and the Special Master's consent shall not be unreasonably withheld. Disclosure of privileged or protected information or materials to the Special Master or an Associate shall not be considered a waiver of any applicable privilege or the Discovery Confidentiality Order.

11.  The Special-Master and Associate(s) shall enjoy the same protections from being compelled to give testimony and from liability and damages as those enjoyed by other federal judicial adjuncts performing similar functions.

12.  The Special Master shall have the sole discretion to determine the appropriate procedure for resolution of all assigned tasks and shall have the authority to take

3

all appropriate measures to perform the assigned tasks. The Special Master's procedures shall comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and any applicable statute or regulation.

13. The Special Master may impose upon a party any sanction other than contempt, provided for by Rules 37 or 45, and may recommend a contempt sanction against a party and a sanction against a non-party.

14. The parties and their counsel shall not engage in any *ex parte* communication with the Special Master and the Special Master shall not engage in *ex parte* communication with any of the parties or their counsel, except the Special Master, the parties, or their counsel may communicate *ex parte* regarding administerial, non-argumentative matters. Additionally, the Special Master, the parties, or their counsel may, with consent of the adversarial party, communicate *ex parte* with regard to settlement discussions. These same restrictions apply to communications with an Associate working with the Special Master.

15. The Special Master may communicate *ex parte* with the Court at the Special Master's discretion and the Court may communicate *ex parte* with the Special Master at the Court's discretion.

16. The Special Master shall be paid at a reasonable rate per hour for work reasonably and efficiently completed pursuant to this Order. The Special Master shall be reimbursed for all reasonable expenses incurred. The Special Master shall keep contemporaneous records of time and services rendered, using 1/10-hour minimum billing increments, and expenses. The Special Master shall submit such reimbursement requests on a monthly basis, via e-mail message, beginning in August 2022, to the Court and to the parties in the format prescribed by Local Civil Rule 54.2. The parties shall have 10 days to file specific objections to any portion of a reimbursement request. If no objection is filed, the parties shall have 30 days from receipt of the request to reimburse the Special Master. If an objection is filed, the parties shall have 30 days from receipt of the reimbursement request to reimburse the Special Master for all uncontested portions of the reimbursement request. After providing the Special Master a reasonable opportunity to respond to the objections, the Undersigned will review any objections to a reimbursement request and enter an order determining the final amount of reimbursement. This paragraph shall also apply to any Associates employed by the Special Master.

17.    Plaintiff shall pay 50% of the Special Master's monthly reimbursement request, and Defendants shall pay 50% of the Special Master's monthly reimbursement request.


The Honorable Peter G. Sheridan
United States District Judge